UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PILGRIM MOTORSPORTS, INC.,

                        Plaintiff,        CIVIL CASE NO. 06-12629

v.

UNIVERSAL UNDERWRITERS        HONORABLE PAUL V. GADOLA
GROUP, et al.,                          U.S. DISTRICT JUDGE

                        Defendants.
_____/

**ORDER**

Before the Court is Defendants' motion to dismiss, pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), filed on January 12, 2007. In support of Defendants' motion, Defendants maintain that Plaintiff willfully ignored Defendants' requests for initial discovery disclosures and that Plaintiff responded to these requests only when faced with certain sanctions under Defendants' motion to compel. Additionally, Defendant argues that when Plaintiff did ultimately provide the untimely disclosures, the disclosures failed to comply with the requirements of Federal Rule of Civil Procedure 26. Now, Defendants argue that Plaintiff has willfully disregarded the Court's December 20, 2006 stipulated order by failing to file responses to Defendant's discovery requests. Therefore, Defendants assert in the motion that dismissal with prejudice is appropriate. *See* Fed. R. Civ. P. 41(b). This Court agrees.

This cause of action was initially filed in Wayne County Circuit Court on February 15, 2006. Defendants removed this cause of action on June 13, 2006. Following the filing of a discovery plan by the parties, Plaintiff failed to produce the initial disclosures as required under the plan.

Accordingly, Defendants' filed a motion to compel on November 21, 2006. That motion was resolved when the Court entered a stipulated order on December 20, 2006 that required Plaintiff to submit discovery responses no later than January 8, 2007. The order also required Plaintiff to submit the untimely initial disclosure materials. On December 22, 2006, Plaintiff delivered initial disclosures that Defendant maintains were not compliant with Federal Rule of Civil Procedure 26. Plaintiff failed to file the discovery responses before the January 8, 2007, as required by the Court's December 22, 2006 order. The Court has no information that Plaintiff has filed the responses at all.

In addition to the above delays, on November 29, 2006, this Court ordered Plaintiff's counsel to show cause why he had not registered for the mandatory electronic filing system. *See* E.D. Mich. L.R. 5.1.1(a). Counsel was ordered to show cause in writing or appear in person on December 22, 2006. Plaintiff's counsel failed to show cause *or* appear at the hearing, in direct violation of the Court's order. Subsequently, an order to show cause why Plaintiff's counsel should not be held in contempt of court was issued on December 22, 2006. Counsel for Plaintiff filed a response one day before the deadline. The Court then discharged the orders to show cause but did so not without considerable time, effort, and resources already expended in the endeavor to force Plaintiff to comply with the standard requirements of all filers in the Eastern District of Michigan.

"Rule 41(b) of the Federal rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.' " *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)(citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). The Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and

opposing parties." *Id.* at 363.  Similarly, Rule 37(b)(2) gives courts the authority to dismiss a case "[i]f a party . . . fails to obey an order to provide or permit discovery. . . ."  Fed. R. Civ. P. 37(b)(2).

In assessing whether to dismiss a complaint, the Court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll*, 176 F.3d at 363; *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997).

In the instant case, Plaintiff has repeatedly delayed the efficient litigation of this cause of action.  Plaintiff has been "stubbornly disobedient and willfully contemptuous," with respect to the Court's efforts to steadily move along Plaintiff's case. *See Harmon*, 110 F.3d at 368.  Plaintiff has disregarded the rules governing the discovery process, failed to comply with the *stipulated* order, and caused this Court to issue two orders to show cause and hold an unsuccessful hearing at which Plaintiff's counsel failed to appear or otherwise notice the Court.  Plaintiff has not presented any justification for the delays in this case and the Court must therefore conclude that the dilatory actions are willful.  A review of this case demonstrates a "clear record of delay" and "contumacious conduct." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's actions have also prejudiced Defendants.  Defendants have been unable to secure the information that should have been supplied through the discovery process and have therefore been prejudiced in defending this case.  Not only have Defendants been unable to obtain the information requested, but Defendants were also "required to waste time, money, and effort in

pursuit of cooperation" that Plaintiff was obligated to provide. *Harmon*, 110 F.3d at 368.

There is little doubt that Plaintiff was placed on notice that its failure to cooperate could lead to dismissal. Plaintiff has violated this Court's rules and this Court's December 22, 2006 order. The Federal Rules of Civil Procedure are clear that the dismissal of a complaint is a potential sanction for such conduct. *See* Fed. R. Civ. P. 37(b)(2), 41(b). Additionally, Defendant's January 12, 2007 filing of the motion to dismiss provided Plaintiff with notice that his suit may be subject to dismissal. *See Harmon*, 110 F.3d at 368.

Finally, although this Court has considered the wide range of sanctions possible, the Court finds that no lesser sanction than dismissal would be appropriate. Although there is generally a preference for a decision on the merits, *see Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986), when a cause of action is neglected by one party a dismissal is entirely appropriate. The Court will not require a defendant willing to clear its name to defend a suit against a plaintiff that repeatedly frustrates the just, speedy, and inexpensive determination of the claims. *See* Fed. R. Civ. P. 1. While the Court is generally reluctant to dismiss a matter merely due to the errors of an attorney, *see Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir.1992), in the instant case the Court has no way of determining whether all of the delay is due to Plaintiff's counsel or directly to Plaintiff. Furthermore, Plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Id.* at 634. Accordingly,

Plaintiff's repeated violations of the court's rules and orders, Plaintiff's dilatory tactics with respect to discovery, and Plaintiff's overall lack of meaningful participation in effectively adjudicating this case make dismissal the only appropriate sanction.

The Court also notes that Defendants filed the motion to dismiss on January 12, 2007. The proof of service for Defendants' motion indicates that it was served on Plaintiff on the same day. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. Local R. 7.1(b) (emphasis added). Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B). Accordingly, the response to the Defendants' motion to dismiss was due on approximately February 5, 2007. *See* Fed. R. Civ. P. 6(e). Plaintiff's failure to respond has not only left Defendants' motion to dismiss unopposed, it has left this Court without any justification as to why the case should not be dismissed. This fact provides further evidence of Plaintiff's "clear record of delay" and "contumacious conduct." *Carter*, 636 F.2d at 161.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion to dismiss [docket entry 28] is **GRANTED** and this action, **CIVIL CASE NO. 06-12629**, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:   February 21, 2007                             s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  February 21, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Lawrence S. Gold; Keith J. Keeskes; Lori M. McAllister; Aaron L. Vorce , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                             .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845